IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) | |
| --- | --- | --- |
| | ) | CR 11-133 |
| v. | ) | CV 16-1826, 17-1453 |
| | ) | |
| EDWARD LEONARD FINLEY HILTS | ) | |

**OPINION AND ORDER**

**SYNOPSIS**

On June 18, 2014, a jury convicted Defendant of four counts, of coercion and enticement, travel with intent to engage in illicit sexual conduct, transportation of child pornography, and possession of child pornography, in violation of 18 U.S.C. §§ 2422(b), 2423(b), 2252(a)(1), and 2252(a)(4)(B). This Court sentenced Defendant on December 10, 2014, to a total term of imprisonment of 324 months, followed by a life term of supervised release. In a non-precedential Opinion filed December 3, 2015, a panel of the Court of Appeals for the Third Circuit affirmed his conviction and sentence. On December 7, 2015, Defendant filed a lengthy Motion to Vacate pursuant to 28 U.S.C. § 2255, arguing various instances of ineffective assistance of counsel. On November 7, 2017, following several extensions of time, Defendant filed another lengthy Motion to Vacate. The second Motion focuses on a challenge to the computation of his sentence. For the following reasons, both Motions to Vacate will be denied, and no certificate of appealability shall issue.

**OPINION**

**I.   APPLICABLE STANDARDS**

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete

1

miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962). A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, 93 Fed. Appx. 402 (3d Cir. 2004). A district court must "accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." United States v. Booth, 432 F.3d 542, 545-46 (3d Cir. 2005) (citations omitted). However, vague and conclusory allegations contained in a Section 2255 petition may be disposed of without a hearing. Johnson v. United States, 294 Fed. Appx. 709 (3d Cir.2008). I further note that pro se pleadings are to be construed liberally, and I have so construed Defendant's submissions. See United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007). In this case, a hearing is unnecessary, and the Motions will be disposed of on the record.

## II. DEFENDANT'S MOTION - CV 16-1826

### A. Ineffective Assistance of Counsel Standards

In the context of an ineffective assistance of counsel claim, a court should be "highly deferential" when evaluating an attorney's conduct; there is a "strong presumption" that the attorney's performance was reasonable. Strickland v. Washington, 466 U.S. 668, 689 (1984). "It is… only the rare claim of ineffectiveness of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Gray, 878 F.2d 702, 711 (3d Cir. 1989). In addition, Defendant's petitions shall be considered pursuant to the well-established liberal standards applicable to pro se submissions.

To demonstrate that counsel was ineffective, a defendant must show that counsel's performance fell below "the wide range of professionally competent assistance" and that the

2

deficient conduct prejudiced defendant. Strickland, 466 U.S. at 687. Counsel's conduct must be assessed according to the facts of the particular case, viewed as of the time of counsel's conduct. Id. at 689. Under the prejudice prong, the pertinent question is "whether there is a reasonable probability that, absent the errors," the result would have been different. Id. at 695; see also Gray, 878 F.2d at 709-13. The prejudice prong of Strickland rests on "whether counsel's deficient performance renders the result of the . . . proceeding fundamentally unfair," or strips the defendant of a "substantive or procedural right to which the law entitles him." Id. at 700.

Several related principles guide the decision in this case. For example, counsel is not ineffective for failing to raise meritless issues. See Parrish v. Fulcomer, 150 F.3d 326, 328 (3d Cir. 1998). Moreover, "a strategic decision cannot be the basis for a claim of ineffective assistance unless counsel's decision is shown to be so ill-chosen that it permeates the entire trial with obvious unfairness.'" Miller v. Webb, 385 F.3d 666, 672-73 (6th Cir. 2004). "A tactical or strategic decision is ineffective only 'if it was so patently unreasonable that no competent attorney would have chosen it.'" Holladay v. Haley, 209 F.3d 1243, 1253 n. 6 (11th Cir. 2000). Further, when sufficiency of the evidence is challenged in a Section 2255 proceeding, "the reviewing court must determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt with the evidence viewed in light most favorable to the prosecution." Yepes v. United States, No. 93-2310, 1993 U.S. Dist. LEXIS 18287, at *8 (D.N.J. Dec. 15, 1993).

### B. Defendant's Challenges

On appeal, the Court of Appeals considered the District Court's "sexual activity" instruction, as well as its Rule 404(b) rulings, and affirmed those actions. In so doing, the Court of Appeals recounted the evidence presented to the jury at trial – including evidence of

3

Defendant's "graphic and near-daily sexual chats" with a minor. I have combed through Defendant's sixty-page statement of the ways in which counsel is alleged to have been ineffective, alongside the entire record, and find no instance of the type of constitutional inadequacy or prejudice contemplated by Strickland. Although Defendant wishes that the jury had viewed his conduct in a different light, a rational trier of fact certainly could have entered a guilty verdict based on the evidence at Defendant's trial. Defendant charges that his counsel was unprepared for trial, and failed to adequately challenge witness statements or present character witnesses. The exchanges with counsel that Defendant details do not reflect unreasonable conduct or decisions that fall below applicable performance standards; instead, they represent legitimate strategic decisions under the circumstances of Defendant's case. Further, as the Government points out, counsel did in fact raise many of the challenges that Defendant now argues were lacking. As for the others, including the purported failure to properly address sentencing enhancements, counsel cannot be found ineffective for failing to raise arguments that lack merit. As a final matter, I note that even had counsel's performance been inadequate in any of these respects, there is no reasonable probability that, absent the errors, the result would have been different.

### III.     DEFENDANT'S MOTION - CV 17-1453

Following Defendant's first Section 2255 Motion at CV-1826, the Court issued notice pursuant to United States v. Miller, 197 F. 3d 644 (3d Cir. 1999), which is intended to ensure that defendants raise all of their claims in one all-encompassing habeas petition. In response to that notice, Defendant stated his intention to proceed on the Motion as filed, and not "in any way, revise, supplement, or replace with a new motion." The Government responded to the Motion accordingly. Defendant also requested and received additional time to obtain documents from

the Government, and to supplement his Motion. He then requested and received an additional extension of sixty days, until October 19, 2017. At that time, the Court stated that no further extensions would be granted. He also filed a Motion to Compel, seeking a broad swath of discovery material – such as investigation reports, arrest records, files, statements, and interviews -- which the Court denied. Defendant filed no supplementary materials related to the initial Section 2255 Motion. On November 9, 2017, however, Defendant filed a second Motion pursuant to 28 U.S.C. § 2255. The second Motion focuses on an alleged error in his sentencing calculation, as reflected in the Presentence Report. In particular, Defendant challenges the grouping of Counts under U.S.S.G. § 3D1.2 for sentencing purposes.

Pursuant to 28 U.S.C. § 2255(h), A second or successive petition must be certified by a panel of the Court of Appeals. This restriction, which essentially strips the District Courts of jurisdiction over a second or successive petition, is intended to curb abuse of the habeas writ. Aiello v. Wetzel, No. 16-1728, 2017 U.S. Dist. LEXIS 6171, at *7 (W.D. Pa. Jan. 13, 2017). As recited supra, Defendant was afforded both Miller notice and ample time to supplement his Section 2255 petition, and indicated both explicitly and implicitly that his Section 2255 petition was complete as of October 19, 2017. A month later, Defendant filed the instant Motion, raising a challenge to his conviction that could have been, but was not, raised in his first Motion. Under these particular circumstances, I am inclined to view Defendant's Motion as an impermissible second or successive petition, and deny it on those grounds. Defendant's Section 2255 Motion, filed at CV 17-1453, will be denied without prejudice to Defendant to seek the appropriate certification from the Court of Appeals.

IV.    **CERTIFICATE OF APPEALABILITY**

Pursuant to 28 U.S.C. § 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." For the reasons stated supra, Defendant has not made such a showing. Therefore, a certificate of appealability will not issue in any respect.

## CONCLUSION

For the foregoing reasons, as regards the Motion filed at CV 16-1826, Defendant has not demonstrated any fundamental defects, omissions, or miscarriage of justice on the grounds charged, and is not entitled to relief pursuant to 28 U.S.C. § 2255. As regards the Motion filed at CV 17-1453, the Motion will be denied pursuant to 28 U.S.C. § 2255(h), without prejudice to Defendant to seek the appropriate certification. No certificates of appealability shall issue. An appropriate Order follows.

BY THE COURT:

*/s/ Donetta W. Ambrose*

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court

Dated: April 26, 2018

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | ) |
| | ) CR 11-133 |
| v. | ) CV 16-1826, 17-1453 |
| | ) |
| EDWARD LEONARD FINLEY HILTS | |

## ORDER

AND NOW, this 26th day of April, 2018, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motions to Vacate, filed at both CV 16-1826 and CV 17-1453, are DENIED. The Motion filed at CV 17-1453 is denied without prejudice to Defendant to seek the appropriate certification from the Court of Appeals. No certificate of appealability shall issue.

BY THE COURT:

*/s/ Donetta W. Ambrose*

Donetta W. Ambrose

Senior Judge, U.S. District Court